■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE DIXON, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of assault in the second degree for pistol-whipping the complainant, Jamie Ramos. The incident arose from a racial dispute between defendant, a black man, and a group of Hispanic men who disapproved of defendant's relationship with an Hispanic woman. The incident occurred when, as defendant was leaving his girlfriend's house, he was confronted by 4 or 5 Hispanic men. At trial, defendant asserted the defense of justification and testified that the men were armed, that they rushed him, that he grabbed a gun from one of them, that all but Ramos fled, and that he repeatedly struck Ramos in the head with the gun when Ramos brandished a meat cleaver. Of the several issues raised by defendant on appeal, only one requires reversal.

The court erred in refusing to allow defendant's girlfriend to testify concerning threats made by the victim against

defendant. The court disallowed that testimony in the mistaken belief that the victim's threats were admissible only if communicated to defendant. It is well settled, however, that evidence of the victim's threats is admissible, irrespective of whether the threats were communicated to the defendant, where such evidence is adduced to show the state of mind of the victim and to raise the inference that he, not the defendant, was the aggressor *(People v Miller,* 39 NY2d 543, 549; *Stokes v People,* 53 NY 164, 174). As a result of the court's erroneous evidentiary ruling, and because of the closeness of the factual questions on the defense of justification, we exercise our discretion and reverse the conviction in the interest of justice. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—assault, second degree.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.