OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Charged with manslaughter in the first degree (Penal Law § 125.20 [1]), defendant maintains he was entitled to a charge of justification (Penal Law § 35.15). Although the record must be considered in the light most favorable to the accused (People v Padgett, 60 NY2d 142), a court need not charge justification if no reasonable view of the evidence establishes the elements of the defense (People v Watts, 57 NY2d 299; People v Scarborough, 49 NY2d 364, 373-374). Here, the trial court properly refused to charge the jury on the justification defense because "[e]ven if defendant had actually believed that he had been threatened with the imminent use of deadly physical force, and there is no evidence that he had so believed,” the jury could not rationally conclude that his reactions were those of a reasonable man acting in self-defense (People v Collice, 41 NY2d 906, 907; see also, People v Goetz, 68 NY2d 96).
In addition to his complaint about the charge, defendant contends that the trial court made several incorrect evidentiary rulings which require a reversal. We disagree. The evidence that defendant had been shot in the chest approximately 90 days prior to this incident was excluded, not, as defendant now claims, because he did not link it to his defense through his own testimony, but rather because there was no evidence at all to establish a nexus between the prior shooting and the shooting for which he was currently on trial. Without additional proof establishing how the prior gunshot affected defendant’s current state of mind, the mere fact of the earlier shooting was not relevant and therefore properly excluded (see, People v Miller, 39 NY2d 543).
Defendant also claims that error was committed when *819 the trial court excluded a statement made to defendant’s sister, within two hours after the shooting, that defendant believed the victim had been armed. Although defendant argued that this evidence was offered solely to establish his state of mind, and thus was not hearsay (see, Richardson, Evidence §§203, 205 [Prince 10th ed]), the statement was irrelevant unless offered to prove the truth of the matter asserted — that defendant believed the victim was armed — and for that purpose it was inadmissible hearsay. While such declarations may be received to show the declarant’s state of mind at the time the statement was made, they are not admissible to establish the truth of past facts contained in them (Richardson, op. cit., § 288; see, Shepard v United States, 290 US 96). Here, the only relevancy of defendant’s statement would have been to support his justification defense and establish the past fact of defendant’s prior beliefs. The prosecutor correctly characterized the statement as inadmissible self-serving hearsay (Richardson, op. cit., §§ 357, 358).
Finally, defendant takes issue with trial court’s exclusion of evidence concerning the character of the crime scene neighborhood, and the presence of a controlled substance in the victim’s body. Since there is no indication in the record that defendant knew that the victim was acting under the influence of drugs, or that the neighborhood was dangerous, this evidence was properly excluded (see, People v Miller, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.