THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANITHA UBILES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that her constitutional rights were abridged when a videotape of part of her statement, from the beginning through that portion where she asked for an attorney, was played before the jury. We cannot agree. The procedure followed at trial was not inconsistent with the pretrial *Huntley* ruling, and defense counsel raised no objection prior to appeal. Thus, any error was unpreserved

(CPL 470.05 [2]). Possible ambiguity in the ruling at the *Huntley* hearing was never brought to the court's attention for clarification. In any event, the evidence against defendant was overwhelming, and the jury was properly instructed by the trial court to draw no adverse inference from defendant's request for an attorney. Thus, there is no reasonable possibility that any error in allowing the jury to hear defendant's request for an attorney affected the jury verdict *(see, People v Crimmins,* 36 NY2d 230, 240-241).

A prosecutor may not comment on a defendant's request for an attorney during summation when, as here, his only apparent purpose is to create an inference of consciousness of guilt *(see, People v Al-Kanani,* 26 NY2d 473, 478). Although the prosecutor's comments here were clearly improper, defense counsel's objection was sustained and a curative instruction was given; there was no denial of due process *(Greer v Miller,* 483 US 756, 107 S Ct 3102).

The prosecutor also erred in insinuating that defendant's husband was guilty of perjury *(see, People v Davis,* 112 AD2d 722; *People v Nunez,* 74 AD2d 805, 806) and that his claim of a language problem was concocted by defense counsel *(see, People v Galloway,* 54 NY2d 396, 399; *People v Lombardi,* 20 NY2d 266, 272-273). This type of conduct by an experienced prosecutor is not only improper and highly prejudicial, but it also borders on the contemptuous and clearly contravenes numerous decisions from this court and the Court of Appeals concerning the duty of a prosecutor to present competent evidence fairly and temperately *(see, People v Bailey,* 58 NY2d 272, 276-277; *People v Alicea,* 37 NY2d 601, 605; *People v Grice,* 100 AD2d 419; *People v Dillard,* 96 AD2d 112, 117-118; *People v Mott,* 94 AD2d 415, 420).

We note that the prosecutor was improperly allowed to cross-examine defendant's character witnesses on their personal opinions of defendant's character. In light of the overwhelming evidence against defendant and the trial court's charge that "[character] evidence must demonstrate a reputation, rather than merely individual and independent feelings or opinion", the error was harmless *(see, People v Crimmins, supra,* at 242). We have examined defendant's other contentions and we find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree, and other charges.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.