■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND FONT, Also Known as ROLANDO FONT, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROLAND FONT, Also Known as ROLANDO FONT, Respondent.—Judgment of the Supreme Court, New York County (C. Beauchamp Ciparick, J.), rendered on December 13, 1985, convicting defendant, following a jury trial, of criminal possession of a weapon in the third degree and sentencing him to a term of 2 to 6 years, is unanimously affirmed. The order of said court entered on December 13, 1985, which vacated the guilty verdict for assault in the first degree, is unanimously reversed on the law and the facts, defendant's motion to set aside the verdict denied, the verdict reinstated and the matter remanded for imposition of sentence.

Defendant's stepson settled defendant's argument with the victim concerning a coat by clubbing the victim with a stick. Several witnesses to the incident testified that defendant held a knife as he pursued the victim down the street, but only one of them, Rodriguez, claimed that defendant had handed the club to his stepson. After the trial, Rodriguez recanted his testimony that he had observed the club being passed. Following a hearing with respect to the recantation, the assault conviction was vacated on the ground that defendant's right to confrontation had been violated. However, the assault conviction should be reinstated since Rodriguez' recantation was not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to defendant" (CPL 330.30 [3]). Rodriguez' assertion that he was paid $150 to testify falsely against defendant is simply not credible. In that regard, Rodriguez made his recantation while living with defendant's wife and after receiving encouragement from defendant's friends. These circumstances are significant in view of a trial record that is permeated with indications of intimidation. One eyewitness was shot on his way to court with a shotgun linked to defendant, and the shooter was another eyewitness who dis-

avowed an earlier statement implicating defendant. Even the victim stated that he had been in touch with the defendant during the time between the incident and the trial. Moreover, the recantation was not only inconsistent with Rodriguez' trial testimony, but also with the signed statement which he had provided to the police within 24 hours of the incident. It should also be noted that the alleged bribe payers are unlikely coconspirators, as manifested by the murder of one by the other some weeks prior to the commencement of the trial. In addition, defendant's stepson, who pleaded guilty, had claimed that the club was given to him by defendant.

Defendant's contention that he was not proven guilty of criminal possession of a weapon in the third degree beyond a reasonable doubt because the testimony of the witnesses was inherently suspect is without merit. The jury's verdict was clearly established by the weight of the evidence. Three witnesses, including Rodriguez, stated that defendant possessed a knife, and the victim, who asserted that he could not remember, testified that defendant had advised him that he was armed.

There is also no validity to defendant's allegation that he was denied the effective assistance of counsel. None of counsel's purported deficiencies was prejudicial to the defense. Although defendant's attorney did not move for a mistrial when the stepson's case was severed from that of defendant, the record shows that the court delivered appropriate instructions to the jury. Further, defendant complains that counsel should have moved for a mistrial because jurors read a prejudicial news article, yet he has not demonstrated that any juror who determined his fate actually read the offending article. Similarly, there is no basis to conclude that defense counsel was incompetent because he failed to express opposition to the prosecutor's avowed intention to question Gomez about the shooting of Ruiz. The decision to permit the People to call a witness who has been instructed to refuse to testify is within the discretion of the trial court (*People v Berg*, 59 NY2d 294, 298), and counsel's choice not to challenge the court's discretion was not a critical lapse. In the context of this case, there was no danger that the defense was prejudiced by improper inferences. Gomez' wife provided abundant testimony from which the jury could properly have inferred that Gomez' testimony was the product of defendant's influence. However, counsel could have requested that the court advise the jury not to draw any inference adverse to defendant from Gomez' invocation of his privilege (*People v Berg, supra*).

Defendant's argument that his lawyer was incompetent for not objecting to Ruiz' testimony that Gomez had spoken with defendant is also lacking in merit. Defendant's contention that this constituted double hearsay is erroneous since Gomez' statement that defendant had claimed that Gomez' wife had been with Ruiz was not offered for its truth.

We also find that defendant's sentence is not excessive and that he has not shown that the probation report contained unfair, uncorroborated allegations. Finally, defendant's remaining arguments are not preserved as a matter of law, and we decline to reach them. However, were we to consider these issues in the interest of justice, we would, nevertheless, affirm, deeming them to be without merit. Concur—Kupferman, J. P., Milonas, Asch, Wallach and Rubin, JJ.