THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN HENDERSON, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum:

Defendant contends that County Court erred in refusing his request to charge the defense of justification. We disagree. The evidence was insufficient to establish defendant's subjective belief that decedent was about to use deadly physical force against him or that under the circumstances his beliefs and reactions were that of a reasonable man (see, People v Reynoso, 73 NY2d 816, 818; People v Watts, 57 NY2d 299). This failure of proof resulted, however, from the court's ruling improperly limiting defendant's evidence that he reasonably believed that decedent was about to use deadly force against him. County Court repeatedly precluded defendant from introducing evidence regarding his state of mind and intent at the time of the stabbing (see, People v Levan, 295 NY 26, 33-34; People v Guadalupe, 122 AD2d 807, 809; People v Rivera, 101 AD2d 981, 982, affd 65 NY2d 661). The court further erred in refusing to permit testimony of the victim's statements to a third party. That testimony was properly offered to show the state of mind of the victim and raise the inference that defendant was not the aggressor (see, People v Miller, 39 NY2d 543, 549; People v Dixon, 138 AD2d 929, 930). The court should also have permitted defendant to call his former counsel to testify concerning his physical characteristics and demeanor shortly after the stabbing (see, People v Kinder, 126 AD2d 60, 62-63, lv denied 70 NY2d 649). Since these errors seriously undermined defendant's justification defense, a new trial is required. We additionally hold that at the new trial, the prosecutor should refrain from implying that defendant's visit to his attorney's office immediately after the stabbing indicated a consciousness of guilt (see, People v Al-Kanani, 26 NY2d 473, 478; People v Ubiles, 148 AD2d 1002, 1003, lv denied 74 NY2d 748).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Monroe County Court, Maloy, J.—murder, second degree.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.