■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCAHILL, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of assault in the second degree. On appeal, he argues that the court erred by refusing his request to charge both reckless and negligent assault in the third degree as lesser included offenses. We agree. Assault in the third degree under either of these theories is a proper lesser included offense of assault in the second degree *(People v Fasano,* 107 AD2d 1052, 1053). Here, the evidence, when viewed in the light most favorable to defendant *(see, People v Martin,* 59 NY2d 704, 705), could support a conclusion that defendant did not intend to cause physical injury to the victim, but stabbed him to prevent the victim from beating defendant's brother. The jury could have found that "in the tension and confusion of the situation, defendant either consciously disregarded the

858

danger to [the victim] or negligently failed to perceive it in favor of his concern with stopping [the victim]" *(People v Sullivan,* 68 NY2d 495, 502).

The trial court further erred by holding that if defendant took the stand, he could be cross-examined about an unrelated charge then pending in City Court *(see, People v Betts,* 70 NY2d 289, 291). Defendant placed upon the record the fact that his decision not to testify was grounded in the court's erroneous *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371).

The court also erred by allowing evidence that defendant made no attempt to contact the police after the incident *(People v De George,* 73 NY2d 614). (Appeal from judgment of Monroe County Court, Egan, J.—assault, second degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.