■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK ROSA, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie G. Wittner, J.), rendered September 13, 1990, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a juvenile offender, to a term of incarceratory placement with the Division for Youth of 3 to 9 years, unanimously affirmed.

According to the People, defendant walked up to the victim, engaged in a staring contest, which provoked a fight, and defendant then pulled a gun and shot the victim three times, all witnessed by a companion of the victim. Other witnesses also observed the fight, the shooting, or defendant's flight, and several essentially consistent descriptions were provided to police. Three hours later, police saw a crowd chasing defendant, several persons in the crowd claiming that defendant was the perpetrator as he tried to escape in a brown car.

Police blocked the car and took defendant to the precinct, where defendant was identified by several witnesses in a photo array and a lineup.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of manslaughter in the first degree. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley*, 69 NY2d 490). Minor inconsistencies in the various descriptions of the perpetrator, and the testimony of defendant's teacher that defendant was present in class at the time of the crime, were matters of credibility to be evaluated by the jury, and, after considering the relative force of the conflicting testimony and the competing inferences that may be drawn therefrom, we find no reason to disturb its determination.

Nor do we find reason to disturb the determination of the hearing court denying suppression of identification testimony. Viewing all the facts and circumstances that were available to the police *(People v Bigelow*, 66 NY2d 417, 423), they had a basis for a reasonable belief that defendant was the perpetrator of the shooting *(see generally, People v Hicks*, 68 NY2d 234), and, with respect to the identification procedures, there is no requirement that the suspect must be surrounded by exact look-alikes *(see, People v Chipp*, 75 NY2d 327). In any event, ample evidence of independent source is inherent in the identification testimony that was given at the hearing.

The trial court did not abuse its discretion in refusing defendant's offer of attendance records from a junior high school both he and the victim allegedly attended during a prior year. Lacking any foundation establishing a nexus between the putative evidence and any material facts, the trial court properly excluded the evidence *(see, People v Reynoso*, 73 NY2d 816, 818).

Defendant has failed to preserve as a matter of law by appropriate objection any challenge to the prosecutor's cross-examination of the teacher who testified for defendant. Nor did defendant preserve any State or Federal constitutional claims *(People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914). In any event, since the prosecutor's questions were not answered, and since the jurors were directed that questions in and of themselves are not evidence, defendant's claim is without merit.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.