■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. FALK, Appellant.—Judgment unanimously modified on the law and as modified affirmed and new trial granted on count seven of the indictment. Memorandum: Defendant was convicted of resisting arrest, DWAI, and various violations following a jury trial. The police witnesses called by the People testified that defendant began to fight with the officer who was attempting to arrest him and it took several officers to subdue defendant. Defendant testified, on the other hand, that he submitted to arrest passively, but the arresting officers punched him, hit him with nightsticks, and repeatedly pushed his face into his car while holding onto the back of his hair. He stated that he resisted them only by using upper-body leverage to prevent them from pushing his face into his car.

Defendant argues that the trial court committed reversible error by allowing the prosecutor to ask him on cross-examination if he had ever made a complaint of police brutality to the local police Internal Affairs Division, to the Monroe County Sheriff's Department, to the State Police, to the Monroe County District Attorney's Office, to the FBI, or to anyone else in the Federal government. Defendant admitted that he had not done so. On summation, the prosecutor commented extensively upon defendant's failure to register a formal complaint of police brutality at the time of his arrest.

We agree with defendant that it was error for the court to permit the above-described cross-examination. It is well settled that, in New York, a defendant may not be impeached with evidence that he did not come forward with an exculpatory

version of the facts *(People v De George,* 73 NY2d 614, 618; *People v Conyers,* 52 NY2d 454; *People v Scahill,* 167 AD2d 857, 858). In *Conyers (supra,* at 458), the Court of Appeals acknowledged the "extremely limited probative worth" of evidence of defendant's failure to provide an exculpatory explanation to law enforcement authorities, and further recognized the great risk of prejudice in admitting such evidence *(see also, People v Basora,* 75 NY2d 992). There may have been a variety of reasons why defendant failed to register a complaint of police brutality with law enforcement authorities. He may have been acting upon the advice of counsel. He may have concluded that making such a report would be futile. Defendant was under no duty to report the use of excessive force by the police *(cf., People v Rothschild,* 35 NY2d 355). In fact, the prosecutor failed to establish that defendant was aware of the procedure by which to make such a report *(see, People v Dawson,* 50 NY2d 311, 321, n 4).

The trial court's error in allowing cross-examination of defendant concerning his failure to come forward sooner cannot be deemed harmless because the central issue at trial was one of credibility. Moreover, the error was exacerbated by the prosecutor's comments on summation. Consequently, defendant's conviction for resisting arrest must be reversed, the sentence imposed thereon vacated, and a new trial granted on that count of the indictment.

Because there must be a new trial on the charge of resisting arrest, we address defendant's contention that he was entitled to a charge on justification and conclude that defendant was so entitled. Viewing the evidence in the light most favorable to defendant, we find that it would have been reasonable for the jury to have concluded that defendant engaged in behavior which could constitute the offense of resisting arrest as a result of an unprovoked attack by the police. It is not necessary, under Penal Law § 35.05 (2), that defendant use physical force against another person before being entitled to a charge on justification *(see, People v Padgett,* 60 NY2d 142).

We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Driving While Ability Impaired.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.