■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE LORIA, Appellant.—Judgment unanimously reversed on the law and new trial granted on count two of the indictment; indictment otherwise dismissed without prejudice to the People to re-present any appropriate charge to another Grand Jury. Memorandum: Defendant contends that County Court erred in refusing his request to charge the defense of justification. Because the evidence failed to establish that defendant reasonably believed that the victim was about to use deadly physical force, the court properly refused to charge that defense (see, People v Reynoso, 73 NY2d 816, 818; People v Watts, 57 NY2d 299). Reversal is mandated, however, because County Court prohibited defendant from testifying to the victim's threats against him, which were related to him by third persons. That evidence did not constitute inadmissible double hearsay because it was not introduced for the truth of the matter, but rather to establish the states of mind of defendant and the victim (see, People v Miller, 39 NY2d 543, 549; People v Henderson, 162 AD2d 1038; People v Font, 160 AD2d 299, lv denied 76 NY2d 734). The court's improper ruling precluded competent evidence that might have sup-

ported defendant's claim that he reasonably believed that the victim was about to use deadly physical force against him, and prevented him from presenting adequate evidence to support a defense of justification *(see, People v Henderson, supra; People v Dixon,* 138 AD2d 929, 930). (Appeal from Judgment of Monroe County Court, Maloy, J.—Reckless Endangerment, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Doerr, JJ.