■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE HENRY, Appellant. [595 NYS2d 342] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ORR, Appellant. [595 NYS2d 342] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court erred in its instructions on accomplice liability and reasonable doubt. Considering the whole charge on accomplice liability *(People v Canty,* 60 NY2d 830, 832), we conclude that it conveyed the proper standard to the jury *(see,* Penal Law § 20.00). There is no merit to defendant's claim that the court's charge on reasonable doubt diluted the People's burden *(see, People v Hill,* 190 AD2d 990; *see also, People v Hill,* 154 AD2d 887, *lv denied* 75 NY2d 813).

Defendant has failed to preserve for our review the contention that the court erred in failing to charge the defense of justification *(see,* CPL 470.05 [2]). In any event, defendant's contention is without merit. Viewing the record in the light most favorable to the accused *(People v McManus,* 67 NY2d 541, 549; *People v Falk,* 185 AD2d 630, *lv denied* 80 NY2d 929), we conclude that it fails to establish that defendant reasonably believed that the victim was about to use deadly physical force *(see, People v Reynoso,* 73 NY2d 816, 818; *People v Watts,* 57 NY2d 299, 301-302; *see also, People v Wesley,* 76 NY2d 555, 559). Thus, the court properly refused to charge the defense of justification *(see, People v Loria,* 190 AD2d 1006). (Appeal from Judgment of Monroe County Court, Egan, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.