THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIKI ROSSAKIS, Appellant. [681 NYS2d 350] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered June 27, 1996, convicting her of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing her to concurrent indeterminate terms of 23 years to life imprisonment for the conviction of murder in the second degree and 5 to 15 years imprisonment for the conviction of criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the defendant's conviction of murder in the second degree from 23 years to life imprisonment to 15 years to life imprisonment; as so modified, the judgment is affirmed.

The defendant shot and killed her husband as he lay in bed. Although she initially denied any knowledge of what had occurred, she later confessed to the shooting. At trial, the defendant asserted that she had been subjected to a long course of physical and emotional abuse by the husband and argued that the shooting was justified.

On appeal, the defendant argues that the court erred in excluding testimony concerning an alleged threat against her made by the husband approximately four to five months prior to his death. However, it was not asserted that the proffered statement by the husband was known to the defendant. Thus, the statement was not admissible as proof of the defendant's state of mind (*see, People v Miller,* 39 NY2d 543; *People v Loria,* 190 AD2d 1006). Further, the court did not improvidently exercise its discretion in determining that the statement, *inter alia,* lacked probative value as to whether the husband was the aggressor (*see, People v Miller, supra; Stokes v People,* 53 NY 164; *People v Henderson,* 162 AD2d 1038).

The defendant's sentence is excessive to the extent indicated herein.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.