■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BRATHWAITE, Also Known as TYRONE CLARKE, Appellant. [714 NYS2d 754] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered June 24, 1996, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A prospective juror who evinces a "state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" may be challenged for cause (CPL 270.20 [1] [b]). Here, the trial court, "which had the peculiar advantage of having seen and heard the panelist" (*People v Harris,* 247 AD2d 630, 632), properly exercised its discretion in determining that the prospective juror did not display such bias (*see, People v Pagan,* 191 AD2d 651).

The trial court also properly declined to charge the jury on the defense of justification upon finding that no reasonable view of the evidence established the elements of that defense (*see, People v Reynoso,* 73 NY2d 816; *People v Watts,* 57 NY2d 299). Justification is a defense only to the use of such force as is reasonably believed necessary to repel the threat (*see,* Penal Law § 35.15; *Matter of Y. K.,* 87 NY2d 430, 433; *People v Torres,* 252 AD2d 60, 65). Viewing the evidence in the light most favorable to the defendant (*see, People v Padgett,* 60 NY2d 142, 145), there could be no justification for the defendant stabbing the complaining witness in the torso with an ice pick five or six times (*see, People v Vecchio,* 240 AD2d 854).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Florio, H. Miller and Smith, JJ., concur.