■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT COLLINS, Also Known as BILLY COLLINS, Appellant. [736 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered March 25, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in refusing to charge the jury on the defenses of justification and extreme emotional disturbance, and on manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses of the charge of murder in the second degree. We disagree.

A court need charge the defense of justification only when a reasonable view of the evidence, viewed in a light most favorable to the defendant, establishes the elements of that defense (*see, People v Reynoso,* 73 NY2d 816; *People v Padgett,* 60 NY2d 142, 145; *People v Watts,* 57 NY2d 299). "The rule is that the jury must be instructed on all claimed defenses which are sup-

ported by a *reasonable view* of the evidence—not by any view of the evidence, however artificial or irrational" (*People v Butts,* 72 NY2d 746, 750 [emphasis in original]). Here, the medical evidence established that the victim suffered six stab wounds, five of which were to her torso and were deep enough to have been fatal if inflicted alone. One of those wounds penetrated the victim's breastbone, and would have required a significant amount of force. Another wound, which was to the victim's back, penetrated the wall of her heart. A third wound penetrated her liver and stomach. The number, depth, and severity of the wounds inflicted upon the victim belie the defendant's claim that he did not stab her intentionally and that the victim was stabbed while he was fighting to get the knife away from her. In addition, the Medical Examiner testified that the multiple wounds on the victim's hands were consistent with defensive wounds, incurred when a victim tries to protect himself or herself from injury. Accordingly, the defendant was not entitled to a charge on the defense of justification (*see, People v Brathwaite,* 276 AD2d 707; *People v Watson,* 231 AD2d 751; *People v Victor,* 176 AD2d 769).

The defendant's intent to cause the victim's death can be inferred from the fact that he stabbed her six times, and that five of those wounds were severe enough to have been fatal if inflicted alone. Indeed, one wound was to the victim's back, penetrating the wall of her heart. Therefore, the Supreme Court properly refused to charge the jury on manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses of the charge of murder in the second degree. There was no reasonable view of the evidence to support a finding that the defendant either intended only to inflict serious physical injury on the victim, or that he merely acted recklessly (*see,* Penal Law §§ 125.20, 125.15; *People v Butler,* 84 NY2d 627; *People v Evans,* 232 AD2d 275; *People v Ochoa,* 142 AD2d 741).

The Supreme Court properly refused to charge the defense of extreme emotional disturbance (*see, People v Murden,* 190 AD2d 822; *People v Savage,* 148 AD2d 553; *People v Hildreth,* 148 AD2d 879).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Florio, J.P., Goldstein, McGinity and H. Miller, JJ., concur.