■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAMIDOU DIALLO, Appellant. [746 NYS2d 479]

Evidence of a victim's prior threats against a defendant is admissible to show both the victim's and the defendant's state of mind in a case where justification is asserted as a defense (*People v Miller*, 39 NY2d 543, 549). Although the opportunity to present evidence that might influence the determination of guilt is an element of fundamental fairness and due process

(*see, e.g., Chambers v Mississippi*, 410 US 284, 295; *Taylor v Illinois*, 484 US 400, 408), Supreme Court's curtailment of a witness's testimony regarding prior threats by the murder victim directed at defendant did not, in this case, rise to the level of constitutional error (*see, People v Crimmins*, 36 NY2d 230; *cf., Chambers v Mississippi*, 410 US 284, 295 [curtailment of right to cross-examine combined with curtailment of right to call exculpatory witnesses, held reversible error] *and People v Smith*, 195 AD2d 265, 266 [complete exclusion of exculpatory evidence was reversible error]).

To the extent the exclusion of the additional prior-threat testimony constituted nonconstitutional error, such error was harmless in view of the extensive eyewitness testimony that defendant was the aggressor, which overwhelmed defendant's justification defense. In addition, defendant testified extensively concerning prior threats from the decedent. On this record, we conclude that there was not a "significant probability * * * that the jury would have acquitted the defendant" (*People v Crimmins*, 36 NY2d 230, 242) had the court allowed the additional prior-threat testimony, and that, therefore, the error does not constitute a basis for reversal of the jury's verdict.

With regard to defendant's assertion that he was denied effective assistance of counsel, we conclude that, viewing the record as a whole, defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Nothing in counsel's representation of defendant prejudiced his defense or his right to a fair trial.

Supreme Court properly rejected defendant's unsupported claim that certain testimony, which was read back to the deliberating jury, contained transcription errors.

We perceive no basis for a reduction of sentence.

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and, in any event, unsupportable on this record. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.