■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON BATTEE, Also Known as DAVON BATEE, Appellant. [765 NYS2d 515] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 25, 2000, convicting him of manslaughter in the first degree under Indictment No. 2287/99, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered April 25, 2000, revoking a sentence of probation previously imposed by the same court (Koch, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing sentence upon his previous conviction of attempted robbery in the second degree under Indictment No. 7052/95.

Ordered that the judgment and amended judgment are affirmed.

The trial court properly refused to charge the jury on the defense of justification since no reasonable view of the evidence established the elements of that defense *(see People v Reynoso,* 73 NY2d 816, 818 [1988]; *People v Watts,* 57 NY2d 299, 302 [1982]; *People v Robinson,* 295 AD2d 544 [2002]; *People v Collins,* 290 AD2d 457 [2002]; *People v Brathwaite,* 276 AD2d 707 [2000]). Moreover, the defendant's claim that he was entitled to a jury charge on manslaughter in the second degree is unpreserved for appellate review *(see* CPL 300.50 [1]; 470.05 [2]; *People v Davis,* 300 AD2d 673 [2002]). In any event, no reasonable view of the evidence considered in the light most favorable to the defendant *(see People v Martin,* 59 NY2d 704, 705 [1983]), supports a finding that the defendant acted recklessly *(see People v Davis, supra* at 674; *People v Collins, supra* at 458).

Under the circumstances of this case, where the defendant agreed not to testify a second time, the trial court providently exercised its discretion in denying the defendant's subsequent

request to reopen the proof so that he could continue to testify (*see People v Hmoud,* 292 AD2d 465 [2002]; *People v Braxton,* 254 AD2d 365, 366 [1998]; *cf. People v Washington,* 145 AD2d 670 [1988]; *People v Hendricks,* 114 AD2d 510, 513 [1985]).

The contentions raised in the defendant's supplemental pro se brief either are unpreserved for appellate review or without merit. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.