■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL FRANCIS, Appellant. [826 NYS2d 291]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered September 14, 2004, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reduc-

ing the conviction of murder in the second degree to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the second degree.

The defendant killed the decedent, allegedly during a struggle for a gun. The defendant was charged with, inter alia, two counts of murder in the second degree (intentional murder and depraved indifference murder). The defendant was convicted of murder in the second degree under Penal Law § 125.25 (2) (depraved indifference murder) and criminal possession of a weapon in the second degree.

Contrary to the defendant's contention, the trial court properly refused to charge the jury on the defense of justification (*see People v Reynoso,* 73 NY2d 816, 818 [1988]; *People v Watts,* 57 NY2d 299, 301 [1982]; *People v Varughese,* 21 AD3d 1126, 1127-1128 [2005]; *People v Plowden,* 5 AD3d 609, 609-610 [2004]; *People v Battee,* 308 AD2d 596 [2003]; *People v Brathwaite,* 276 AD2d 707 [2000]).

Nevertheless, we find that the evidence was legally insufficient to sustain the defendant's conviction of murder in the second degree. The evidence failed to demonstrate the degree of depravity and indifference to human life required for depraved indifference murder (*see People v Feingold,* 7 NY3d 288, 293-294 [2006]; *People v Suarez,* 6 NY3d 202, 208-215 [2005]; *People v Payne,* 3 NY3d 266, 270-272 [2004]; *People v McMillon,* 31 AD3d 136 [2006]). The evidence was legally sufficient, however, to establish the lesser-included offense of manslaughter in the second degree (Penal Law § 125.15 [1]; *see People v Atkinson,* 7 NY3d 765, 766-767 [2006]; *People v McMillon, supra*).

Accordingly, we modify the judgment by reducing the conviction of murder in the second degree to manslaughter in the second degree and remit the matter to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the second degree.

The defendant's remaining contentions raised in his supplemental brief have been rendered academic in light of the above determination. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.