■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RUSSELL, Appellant. [824 NYS2d 684]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered May 3, 2004, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's conviction of assault in the first degree and the sentence imposed thereon, and dismissing that count; as so modified, the judgment is affirmed.

The evidence at trial established that, in an act of domestic violence, the defendant punched the complainant some 20 times, causing, inter alia, the loss of her right eye. Without objection, the trial court submitted to the jury, inter alia, one count of assault in the first degree charging that the defendant caused the victim serious physical injury by recklessly engaging in conduct creating a grave risk of death under circumstances evincing a depraved indifference to human life (see Penal Law § 120.10 [3]), and one count of assault in the second degree charging that he intentionally inflicted serious physical injury (see Penal Law § 120.05 [1]). The jury convicted the defendant of both counts and the defendant was sentenced, as a persistent violent felony offender, to two concurrent terms of 20 years' to life imprisonment.

Although unpreserved for appellate review (see CPL 470.05 [2]), the defendant's contention that the evidence at trial was legally insufficient to establish the crime of depraved indifference assault has merit and, under the circumstances of this case, we reach it in the exercise of our interest of justice jurisdiction. The Court of Appeals has taught that, except in rare and extraordinary circumstances, not present here, one person's attack on another, no matter how violent or how great the risk of harm it creates, does not rise to the level of depravity and indifference to life contemplated by the statutes defining crimes committed under circumstances evincing a depraved indifference to human life (see People v Suarez, 6 NY3d 202 [2005]; People v McMillon, 31 AD3d 136 [2006]). Thus, the defendant

did not commit the assault in the first degree of which he was convicted (*see People v Swinton,* 7 NY3d 776 [2006]).

Moreover, evidence that the defendant punched the complainant 20 times was legally insufficient to establish that he recklessly, rather than intentionally, caused her injuries (*see People v Gonzalez,* 1 NY3d 464 [2004]; *People v Hafeez,* 100 NY2d 253 [2003]), and therefore, under the circumstances presented, we do not reduce the assault in the first degree conviction to one of assault in the third degree (*cf. People v Swinton, supra; People v Atkinson,* 7 NY3d 765 [2006]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either without merit or need not be reached in light of our determination. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.