THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCKY DECAPUA, Appellant. [829 NYS2d 799]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 5, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of murder in the second degree (Penal Law § 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for sentencing on that conviction.

Memorandum: Defendant appeals from a judgment of County Court convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]). While we recognize that defendant did not preserve for our review his contention that the evidence is legally insufficient to support the conviction, we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [a]).

The evidence at trial established that the incident occurred in a tavern after defendant, while wielding a gun, confronted the victim with respect to the victim's allegedly inappropriate conduct toward the girlfriend of defendant's friend, the tavern

owner. The victim and defendant became involved in a scuffle and a struggle over the gun ensued. The two fell to the ground and the gun went off, resulting in the fatal gunshot wound to the victim. We agree with defendant that " 'there exists no valid line of reasoning that could support [the] jury's conclusion that defendant possessed the mental culpability required for depraved indifference murder' " (*People v Gonzalez*, 1 NY3d 464, 467-468 [2004]; *see People v Francis*, 33 AD3d 933 [2006]; *People v McMillon*, 31 AD3d 136 [2006], *lv denied* 7 NY3d 815 [2006]; *see generally Policano v Herbert*, 7 NY3d 588 [2006]). We conclude, however, that the evidence presented at trial is sufficient to establish beyond a reasonable doubt that defendant recklessly caused the death of the victim and is thus sufficient to establish the lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]; *see McMillon*, 31 AD3d at 142). We therefore modify the judgment by reducing the conviction of murder in the second degree to manslaughter in the second degree and vacating the sentence (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on that conviction. Defendant's remaining contentions are without merit. Present—Scudder, P.J., Hurlbutt, Gorski and Pine, JJ.