■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY SMOTHERS, Appellant. (Appeal No. 1.) [838 NYS2d 314]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered October 27, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence for criminal possession of a weapon in the third degree be and the same hereby is unanimously dismissed (*see People v Haywood*, 203 AD2d 966 [1994], *lv denied* 83 NY2d 967 [1994]) and the judgment is modified on the law by reducing the conviction of murder in the second degree (Penal Law § 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on count two of the indictment and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for sentencing on the conviction of manslaughter in the second degree.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We agree with defendant the evidence is legally insufficient to support the conviction of depraved indifference murder (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence at trial established that the incident occurred during the middle of the afternoon on a city street. Defendant had a large kitchen knife and was chasing two girls who had vandalized her car. Defendant suddenly turned around and stabbed a third girl who had arrived with the other girls but who had taken no part in vandalizing defendant's vehicle. According to the testimony of an eyewitness, an individual at the scene had yelled that defen-

dant should watch her back, which in turn caused defendant to turn and strike wildly with the knife. The knife struck the victim, penetrating both breast tissue and the sternum, causing her death. We thus agree with defendant that there is " 'no valid line of reasoning that could support [the] jury's conclusion that defendant possessed the mental culpability required for depraved indifference murder' " (*People v Gonzalez*, 1 NY3d 464, 467-468 [2004]; *see People v Francis*, 33 AD3d 933 [2006], *lv denied* 8 NY3d 880 [2007]; *People v McMillon*, 31 AD3d 136 [2006], *lv denied* 7 NY3d 815 [2006]; *see generally Policano v Herbert*, 7 NY3d 588 [2006]).

We conclude, however, that the evidence is legally sufficient to establish that defendant recklessly caused the death of the victim and is thus sufficient to establish her guilt of the lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]; *see People v DeCapua*, 37 AD3d 1189, 1190 [2007]). We therefore modify the judgment by reducing the conviction of murder in the second degree to manslaughter in the second degree and vacating the sentence imposed on count two of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on the conviction of manslaughter in the second degree. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.