THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM RAMSEY, Appellant. [872 NYS2d 789]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 24, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed on count two of the indictment shall run concurrently with the sentence imposed on count one of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). Contrary to the contention of defendant, County Court properly denied his request to charge manslaughter in the first degree (§ 125.20 [1], [2]) as a lesser included offense of murder in the second degree. With respect to Penal Law § 125.20 (1), there is no reasonable view of the evidence that defendant intended to cause serious physical injury to another person but not to kill him or her (*see* CPL 300.50 [1]; *People v Miller*, 6 NY3d 295, 302 [2006]; *People v Cabassa*, 79 NY2d 722, 728-729 [1992], *cert denied* 506 US 1011 [1992]; *People v Glover*, 57 NY2d 61, 63-64 [1982]). Defendant testified that he shot the victim at close range four times, causing the victim to sustain fatal injuries to, inter alia, his heart and lungs (*see People v Tyler*, 43 AD3d 633, 634 [2007], *lv denied* 9 NY3d 1010 [2007]; *see generally People v Payne*, 3 NY3d 266, 272 [2004], *rearg denied* 3 NY3d 767 [2004]). Moreover, there was no evidence of a struggle for the weapon (*cf. People v DeCapua*, 37 AD3d 1189, 1190 [2007], *lv denied* 8 NY3d 983 [2007]), nor was there evidence that the victim possessed a gun at the time of the shooting (*cf. People v Tabb*, 180 AD2d 770 [1992]).

We further conclude that defendant failed to establish that he was entitled to a charge of manslaughter in the first degree under Penal Law § 125.20 (2) based on his defense of extreme emotional disturbance. To establish that defense, "a defendant must demonstrate, first, that he or she acted under the influence of an extreme emotional disturbance and, second, that there was a reasonable explanation or excuse for that disturbance" (*People v Roche*, 98 NY2d 70, 75-76 [2002]; *see People v Harris*, 95 NY2d 316, 319 [2000]; *People v Casassa*, 49 NY2d 668, 675 [1980], *cert denied* 449 US 842 [1980]). The first element "is generally associated with a loss of self-control" (*Harris*, 95 NY2d at 319) and, here, the record establishes that defendant did not lose self-control at the time of the crime (*see People v McGrady*, 45 AD3d 1395 [2007], *lv denied* 10 NY3d 813 [2008]). Defendant testified that he shot the victim both because he became angry and because he feared for his own safety. Defendant also testified that he was calm immediately prior to the shooting, and that he was nervous and scared after the shooting. We thus conclude that there is "no reasonable view of the evidence to support a finding that the defendant's conduct actually 'was influenced by an extreme emotional disturbance at the time the alleged crime was committed' " (*People v Murden*, 190 AD2d 822, 822 [1993], *lv denied* 81 NY2d 1017 [1993]).

Defendant failed to preserve for our review his contention that he was denied his right to present a defense based on the court's evidentiary rulings (see *People v Angelo*, 88 NY2d 217, 222 [1996]). In any event, that contention lacks merit. We agree with defendant that the court erred in precluding him from testifying concerning threats made by the victim to defendant's girlfriend (see *People v Miller*, 39 NY2d 543, 548-549 [1976]; *People v Henderson*, 162 AD2d 1038 [1990]; *People v Dixon*, 138 AD2d 929 [1988]), and that the court further erred in permitting the prosecutor to cross-examine defendant's girlfriend beyond the scope of her limited direct examination (see generally *People v Maerling*, 64 NY2d 134, 141-142 [1984]; *People v Sanders*, 2 AD3d 1420 [2003]). Nevertheless, we conclude that any error is harmless (see generally *People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Indeed, we note that the precluded testimony was essentially cumulative of other evidence presented at trial (see *People v Diallo*, 297 AD2d 247, 248 [2002]; *People v Starostin*, 265 AD2d 267, 268 [1999], lv denied 94 NY2d 885 [2000]; *People v Bruner*, 222 AD2d 738, 739 [1995], lv denied 88 NY2d 981 [1996]; see generally *People v Dolan*, 51 AD3d 1337, 1341 [2008]), and that defendant was provided " 'a meaningful opportunity to present a complete defense' " (*Crane v Kentucky*, 476 US 683, 690 [1986]; see *People v Douglas*, 29 AD3d 47, 50 [2006], lv denied 6 NY3d 847 [2006]). Although defendant failed to preserve for our review his further contention that the court erred in directing that the sentence imposed for criminal possession of a weapon in the second degree shall run consecutively to the sentence imposed for murder in the second degree, the People correctly concede that those consecutive sentences are illegal and thus that preservation is not required (see *People v Fuentes*, 52 AD3d 1297, 1300-1301 [2008], lv denied 11 NY3d 736 [2008]). We agree with defendant that the sentences must run concurrently (see Penal Law § 70.25 [2]; *People v Hamilton*, 4 NY3d 654, 657-658 [2005]; *People v Boyer*, 31 AD3d 1136, 1139 [2006], lv denied 7 NY3d 865 [2006]; *People v Rudolph*, 16 AD3d 1151, 1152-1153 [2005], lv denied 5 NY3d 809 [2005]), and we therefore modify the judgment accordingly. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.