■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ALLAN WATKINS, Appellant. [880 NYS2d 440]—

Appeal from a judgment of the Wayne County Court (Stephen R. Sirkin, J.), rendered October 19, 2007. The judgment convicted defendant, after a nonjury trial, of assault in the third degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of assault in the third degree under counts one and two of the indictment and dismissing those counts of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of two counts of assault in the third degree (Penal Law § 120.00 [1]) and one count each of assault in the second degree (§ 120.05 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of the People's witnesses was not incredible as a matter of law (*see People v Ptak*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 949 [2007]), and we see no reason to disturb County Court's resolution of credibility issues (*see People v Burroughs*, 57 AD3d 1459 [2008], *lv denied* 12 NY3d 756 [2009]; *People v Reddick*, 43 AD3d 1334, 1335-1336 [2007], *lv denied* 10 NY3d 815 [2008]). Although we agree with defendant that the court erred in precluding a defense witness from testifying that he heard the victim threaten defendant (*see People v Dixon*, 138 AD2d 929 [1988]; *see generally People v Petty*, 7 NY3d 277, 285 [2006]; *People v Miller*, 39 NY2d 543, 549 [1976]), we nevertheless conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Bruner*, 222 AD2d 738, 739 [1995], *lv denied* 88 NY2d 981 [1996]; *see generally Crimmins*, 36 NY2d at 241-242). We note in particular that defendant presented extensive testimony in support of his justification defense and thus that he was afforded "a meaningful opportunity to present a complete defense" (*People v Ramsey*, 59 AD3d 1046, 1048 [2009] [internal quotation marks omitted]; *see People v Starostin*, 265 AD2d 267 [1999], *lv denied* 94 NY2d 885 [2000]; *cf. People v Loria*, 190 AD2d 1006 [1993]).

As the People correctly concede, those parts of the judgment convicting defendant of assault in the third degree under counts one and two of the indictment must be reversed, and those counts dismissed, because assault in the third degree is a lesser included offense of assault in the second degree (*see People v Romain*, 5 AD3d 611 [2004], *lv denied* 2 NY3d 805 [2004]; *People v Jones*, 277 AD2d 329 [2000], *lv denied* 96 NY2d 784 [2001];

*see generally* CPL 300.40 [3] [b]). We therefore modify the judgment accordingly. Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.