# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

81
KA 10-01020
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES BOUTIN, DEFENDANT-APPELLANT.

---

BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROBERT E. MORAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered May 10, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of assault in the first degree (Penal Law § 120.10 [3]) to assault in the third degree (§ 120.00 [2]), reducing the conviction of reckless endangerment in the first degree to reckless endangerment in the second degree and vacating the sentence, and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for sentencing.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [3]) and reckless endangerment in the first degree (§ 120.25), both of which require a showing that they were committed under circumstances "evincing a depraved indifference to human life" (§ 120.10 [3]; § 120.25). We agree with defendant that the evidence is legally insufficient to establish that he acted with depraved indifference (*see generally People v Bleakley*, 69 NY2d 490, 495). The evidence at trial established that the incident in question occurred outside a bar just after it had closed. The intoxicated victim had been carried out of the bar by bouncers, where he was left lying on the ground. Defendant, a patron at the bar, lifted the victim up to his feet and, according to witnesses, "kneed" the victim in the face, causing him to fall backwards and strike his head on the ground. The resulting injuries included facial fractures and a closed head injury that required emergency surgery. " 'The Court of Appeals has taught that, except in rare and extraordinary circumstances, not present here, one person's attack on another, no matter how violent or how great the risk of harm it creates, does not rise to the level of depravity and

indifference to life contemplated by the statutes defining crimes committed under circumstances evincing a depraved indifference to human life' " (*People v Pomie*, 55 AD3d 630, 632, *lv denied* 11 NY3d 899; *see People v Russell*, 34 AD3d 850, 851, *lv denied* 8 NY3d 884). "[W]here a defendant's conduct endangers only a single person, to sustain a charge of depraved indifference there must be proof of 'wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target of the perpetrator's inexcusable acts' " (*People v Coon*, 34 AD3d 869, 870, quoting *People v Suarez*, 6 NY3d 202, 213). Although defendant's conduct was reprehensible, "there is no valid line of reasoning that could support [the] jury's conclusion that defendant possessed the mental culpability required for depraved indifference [assault or reckless endangerment]" (*People v Smothers*, 41 AD3d 1271, 1272, *lv denied* 9 NY3d 964 [internal quotation marks omitted]).

We conclude, however, that the evidence is legally sufficient to support the lesser included offenses of assault in the third degree (Penal Law § 120.00 [2]) and reckless endangerment in the second degree (§ 120.20), inasmuch as the evidence established that defendant recklessly caused injury to the victim. We therefore modify the judgment by reducing the conviction of assault in the first degree to assault in the third degree, reducing the conviction of reckless endangerment in the first degree to reckless endangerment in the second degree and vacating the sentence (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing. We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered: February 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court