People v Cartagena (2019 NY Slip Op 01652)





People v Cartagena


2019 NY Slip Op 01652


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


8621 4714/11

[*1] The People of the State of New York, Respondent,
v
Robert Cartagena, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered April 30, 2014, convicting defendant, after a jury trial, of murder in the second degree (two counts), burglary in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
With two exceptions, the court providently exercised its discretion in admitting Facebook posts and text messages made by a separately tried codefendant. This evidence was relevant to the codefendant's state of mind (see generally People v Reynoso , 73 NY2d 816, 819 [1988]; Prince, Richardson on Evidence § 8-106 at 502 [Farrell 11th ed 1995]), which was in turn relevant to defendant's guilt under the circumstances of the case, including evidence of a shared motive. However, the codefendant's text message announcing that the murder at issue was about to be committed, and his Facebook post boasting that it had succeeded, exceeded the proper bounds of state-of-mind evidence and should have been excluded. Nevertheless, we find that these errors, or any errors regarding evidence of the codefendant's declarations, were harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins , 36 NY2d 230 [1975]).
Defendant did not preserve his claim regarding the court's failure to deliver a limiting instruction, as promised, regarding the state-of-mind evidence (see People v Whalen , 59 NY2d 273, 280 [1983]), and we decline to review it in the interest of justice. As an alternative holding, we find that the instruction should have been given, but that its absence was similarly harmless.
The court providently exercised its discretion in permitting the People to introduce a series of text messages between defendant and his girlfriend, while redacting a portion of these messages in which he denied that he had committed the murder. There was no violation of the rule of completeness (see People v Dlugash , 41 NY2d 725, 736 [1977]). The messages that were introduced did not contain any admissions, or anything else that needed to be explained by way of the redacted self-exculpatory messages; instead, the messages in evidence tended to establish other matters, such as a timeline of events. In any event, any error in this regard was also harmless.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy not reflected in, or fully explained by, the record (see People v Rivera , 71 NY2d 705, 709 [1988]; People v Love , 57 NY2d 998 [1982]). The record does not support defendant's assertion that counsel's colloquies with the court on the matters underlying the ineffectiveness claims sufficed to establish the nature and unreasonableness of counsel's strategy. Accordingly, since defendant has not expanded the record by means of a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received [*2]effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713—714 [1998]; Strickland v Washington , 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK