People v Castillo (2021 NY Slip Op 50996(U))

[*1]

People v Castillo (Euriel)

2021 NY Slip Op 50996(U) [73 Misc 3d 132(A)]

Decided on October 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Hagler, JJ.

571065/15

The People of the State of New York,
Respondent,
against
Euriel Castillo, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered May 8, 2015, after a jury trial, convicting him of
assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered May 8, 2015, affirmed. 
The verdict, which rejected defendant's justification defense, was based on legally sufficient
evidence and was not against the weight of the evidence (see People v Danielson, 9
NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's determinations
concerning credibility. The jury reasonably determined, based on the People's proof, that
defendant - who approached the victim, threatened to "slap the sh!t" out of him and then punched
him in the nose, fracturing the orbital bone - acted as the initial aggressor in the altercation.
Contrary to his present contention, defendant received a sufficient opportunity to
demonstrate, in connection with his justification defense, his knowledge of prior violent acts by
the victim. The court permitted defendant to testify about his knowledge of the victim's "previous
experience" in "fights" and that he was a "boxer," while precluding other such evidence of
alleged fighting by the victim that was too remote in time and quality (see People v
Miller, 39 NY2d 543, 552 [1976]; People v Santiago, 211 AD2d 734 [1995],
appeal denied 85 NY2d 942 [1995]). To the extent any of the court's restrictions could be
viewed as erroneous, we find them to be harmless in view of the eyewitness testimony that
defendant was the aggressor, which overwhelmed defendant's justification defense (see
People v Diallo, 297 AD2d 247, 248 [2002], lv denied 99 NY2d 535 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 26, 2021