■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER SANTIAGO, Appellant. [622 NYS2d 70] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered June 11, 1992, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the trial court improperly prevented him from eliciting evidence with respect to the victim's prior specific acts of violence and reputation for violence. A defendant charged with a homicide may introduce, in support of his claim of self-defense, evidence that the victim was a "quarrelsome, vindicative or violent" person (People v Miller, 39 NY2d 543, 548), or evidence of prior specific acts of violence committed by the victim, of which the defendant had knowledge, provided that the acts sought to be established were reasonably related, in time and quality, to the crime for which the defendant was charged (see, People v Miller, supra; Matter of Robert S., 52 NY2d 1046; see also, People v Ross, 197 AD2d 713, 714; People v Hutchinson, 141 AD2d 762). The extent to which prior specific violent acts may be proved in this manner rests in the discretion of the trial court (see, People v Miller, supra).

Upon our review of the record, we find that the defendant's

offers of proof were inadequate for an appropriate determination of whether the specific acts of violence previously committed by the victim were reasonably related to the shooting of the victim by the defendant *(see, People v Miller, supra; People v Ross, supra; see, e.g., People v Cotto,* 159 AD2d 385). In any event, the record indicates that the defendant was permitted to attest to, *inter alia,* the victim's general reputation for violence, and his specific reputation for being a so-called "stickup artist".

The sentence is not excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention and find that it is without merit. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.