■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED ROBERTS, Appellant. [733 NYS2d 230] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered December 15, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in precluding the defendant from entering into evidence a written statement by his friend, who was present at the scene and had implicated himself as the shooter. In order for a declaration against penal interest to be admissible at trial, the proponent must establish that: (1) the declarant was unavailable as a witness at trial, (2) when the statement was made the declarant was aware that it was adverse to his penal interest, (3) the declarant had competent knowledge of the facts underlying the statement, and (4), most importantly, supporting circumstances independent of the statement were present to attest to its trustworthiness and reliability (*see, People v Brensic,* 70 NY2d 9; *People v Settles,* 46 NY2d 154, 167). In this case, the defendant, who carried the burden of establishing the factors neces-

sary to admit a declaration against penal interest, submitted no evidence and made no offer of proof that the friend was unavailable (*see, People v Brensic, supra*; *People v Settles, supra*). Moreover, the defendant failed to disclose supporting circumstances independent of the statement that would attest to its trustworthiness and reliability (*see, People v Brensic, supra*; *People v Settles, supra*).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention does not require reversal. Ritter, J. P., Feuerstein, Townes and Prudenti, JJ., concur.