■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MOSES, Appellant. [757 NYS2d 856] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered March 29, 2001, convicting defendant, after a jury trial, of attempted assault in the first degree and sentencing him to a term of 3½ years, unanimously affirmed.

By failing to object, by making generalized objections or objections on different grounds from those raised on appeal, or by failing to request further relief after objections were sustained, defendant failed to preserve his current challenges to the prosecutor's allegedly prejudicial comments and questions during his cross-examination of defendant and we decline to review them in the interest of justice. Were we to review these claims, we would find that while the prosecutor did engage in certain instances of improper and unprofessional conduct, such misconduct was harmless in view of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]), as well as the court's prompt curative actions that minimized any prejudicial effect (*see People v Santiago*, 52 NY2d 865 [1981]). Concur—Mazzarelli, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.

■ In the Matter of LAMONT C., a Person Alleged to be a Juvenile Delinquent, Appellant. [757 NYS2d 856] —Order of disposition, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about January 30, 2002, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of criminal possession of marijuana in the fifth degree, and placed him in the custody of the State Office of Children and Family Services for a period of 12 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility. The officer's observations warranted the conclusion that appellant was in possession of marijuana in a public place, and that the marijuana was open to public view (Penal Law § 221.10; *see Matter of Calvin R.*, 291 AD2d 346 [2002]). Concur—Mazzarelli, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.