■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA K. SKARDINSKI, Appellant. [807 NYS2d 232]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered November 4, 2004. The judgment convicted defendant, upon her plea of guilty, of vehicular assault in the second degree and driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress the blood test results is granted, and the matter is remitted to Wayne County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of vehicular assault in the second degree (Penal Law § 120.03 [1], [2]) and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). We agree with defendant that County Court erred in denying that part of her motion seeking to suppress the blood test results. The record does not support the People's contention that defendant voluntarily consented to the blood test. Defendant had been badly injured in a motor vehicle accident and was receiving morphine at the hospital when the State Trooper spoke with her there. The State Trooper incorrectly informed defendant that her driver's license would be immediately suspended if she did not submit to a chemical test. "Further, although [defendant] had not been arrested, the warnings given to her [by the State Trooper] clearly implied, at least twice, that she had in fact been arrested" (*People v Ellis*, 190 Misc 2d 98, 106 [2001], *affd* 309 AD2d 1314 [2003]). When defendant failed to respond to or indicate that she understood the State Trooper's warnings, the State Trooper stepped into the hall to speak with a nurse about the possibility of a court-ordered blood test. The nurse then entered defendant's room and said, "[T]he police are here. They want to take blood for possible, for a DWI, you know. Do you know that's why they're here, we're going to take blood. We need you to consent on this in order to do it." The nurse presented defendant with a clipboard securing the consent form, and defendant signed the consent form at an irregular angle across the title of the document rather than on the designated signature line. Under the circumstances presented herein, we conclude that the People failed to meet their "heavy burden of proving the voluntariness of the purported consent[ ]" (*People v Gonzalez*, 39 NY2d 122, 128 [1976]; *see Ellis*, 190 Misc 2d at 105-107; *cf. People v Atkins*, 85 NY2d 1007, 1008-1009 [1995]; *People v Hoffman*, 283 AD2d 928, 929 [2001], *lv denied* 96 NY2d 919 [2001]).

We further reject the contention of the People that there was no need to arrest defendant and to obtain her consent to the blood test because she was in a semiconscious or unconscious state. The State Trooper testified at the suppression hearing that defendant "was talking with people" before he entered the room but that she suddenly closed her eyes when he entered. After the State Trooper spoke to the nurse in the hallway and the nurse entered defendant's room, defendant opened her eyes and responded when the nurse spoke to her. Contrary to the People's contention, the fact that defendant may have feigned unconsciousness for a brief period of time does not obviate the need to arrest defendant and to obtain her consent to the blood

test (*cf. People v Goodell*, 164 AD2d 321, 324-325 [1990], *affd* 79 NY2d 869 [1992]; *People v Carkner*, 213 AD2d 735, 739 [1995], *lv denied* 85 NY2d 970, 86 NY2d 733 [1995]; *see generally People v Kates*, 53 NY2d 591, 595-596 [1981]). Finally, we reject the People's contention that the court properly denied that part of defendant's motion seeking to suppress the blood test results because the State Trooper theoretically "could have obtained a court order for [defendant's] blood." We therefore reverse the judgment, vacate the plea, grant that part of defendant's motion seeking to suppress the blood test results, and remit the matter to County Court for further proceedings on the indictment. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.