■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILSON, Appellant. [896 NYS2d 419]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Chun, J.), rendered January 17, 2007, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant preserved for appellate review his argument that the trial court erred in denying his request that he be given a copy of the deceased victim's criminal record or, alternatively, his request that the court review the record in camera to determine its admissibility (see CPL 470.05 [2]; People v Luperon, 85 NY2d 71, 78 [1995]). This argument is, however, without merit.

"A criminal defendant asserting a justification defense is allowed to introduce evidence of the victim's prior acts of violence of which the defendant had knowledge, provided that the acts are reasonably related to the defense raised by the defendant" (People v Douglas, 29 AD3d 47, 51 [2006]; see People v Lopez, 200 AD2d 767 [1994]). Here, the defendant failed to demonstrate that he was aware at the time of the shooting, that the decedent previously had been arrested or convicted of violent crimes involving guns (see People v DiGuglielmo, 258 AD2d 591 [1999]; see also People v Santiago, 211 AD2d 734 [1995]; People v Patterson, 184 AD2d 916, 919-920 [1992]). Accordingly, the trial court did not err in denying the defendant's request.

The trial court erred in admitting a photograph of the decedent into evidence since his identity was not at issue (see People v Stevens, 76 NY2d 833, 836 [1990]; cf. People v Daniels, 35 AD3d 495, 497 [2006]; see also People v Donohue, 229 AD2d 396, 397-398 [1996]). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt even if the photograph had not been admitted into evidence, and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Thompson, 34 AD3d 852 [2006]; cf. People v Heman, 198 AD2d 434, 435 [1993]).

The defendant's challenges to various summation remarks made by the prosecution are unpreserved for appellate review since defense counsel failed to object to these remarks at the time of trial (see CPL 470.05 [2]; People v Clarke, 65 AD3d 1055, 1056 [2009]). In any event, all but one of the defendant's challenges are without merit, as the challenged remarks either were responsive to defense counsel's summation or constituted fair comment on the evidence (id. at 1056). Although the prosecutor's suggestion that the eyewitnesses did not come forward im-

mediately out of fear of retribution by the defendant was improper, since there was no evidence to support this statement (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]), it did not deprive the defendant of a fair trial (*see People v Crimmins*, 38 NY2d 407, 412 [1975]; *cf. People v Ellis*, 94 AD2d 652, 653 [1983]).

The defendant failed to establish that he was deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *cf. People v Clarke*, 66 AD3d 694 [2009]). Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.