# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**491**

**KA 11-00315**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MARLO J. BLOCKER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 9, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and operating a motor vehicle without stop lamps.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and operating a motor vehicle without stop lamps (Vehicle and Traffic Law § 375 [40] [b]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his request for an adverse inference instruction concerning the People's failure to preserve the motor vehicle that was driven by defendant at the time of his arrest (*see generally People v Perkins*, 124 AD3d 915, 915-916). The record establishes that, at the time of defendant's arrest, the vehicle was towed to an impound lot but was not held by the police as evidence. The record further establishes that defendant was the registered owner of the vehicle, and thus that defendant or his authorized representative could have picked up the vehicle from the impound lot at any time. The vehicle, however, went unclaimed and was sold at auction approximately three weeks after defendant was indicted and two weeks after he appeared with counsel at his arraignment on the indictment. We therefore conclude that defendant was not entitled to an adverse inference instruction because the record establishes that defendant had the opportunity to recover the vehicle and inspect it before it was sold at auction (*cf. People v Handy*, 20 NY3d 663, 669;

*People v John*, 288 AD2d 848, 849, *lv denied* 97 NY2d 705).

        We reject defendant's contention that trial counsel was
ineffective for failing to move to reopen the suppression hearing (*see
generally People v Baldi*, 54 NY2d 137, 147).  "Inasmuch as a motion to
reopen the suppression hearing would not have been successful,
defendant was not denied effective assistance of counsel when his
. . . attorney did not make such a motion" (*People v Crespo*, 117 AD3d
1538, 1539, *lv denied* 23 NY3d 1035; *see People v Carver*, 124 AD3d
1276, 1278-1279).

        Contrary to defendant's contention, the court properly exercised
its discretion in allowing the prosecutor to introduce evidence that
defendant was arrested pursuant to an outstanding warrant inasmuch as
"police credibility was [a] central issue in the case [and] this
background material was necessary to complete the narrative of events
leading to defendant's arrest and to explain the actions of the
police" (*People v Childs*, 8 AD3d 116, 116, *lv denied* 3 NY3d 672; *see
generally People v Brown*, 277 AD2d 974, 974, *lv denied* 96 NY2d 756).
Finally, we reject defendant's further contention that the court
abused its discretion in denying defendant's request at sentencing for
substitution of counsel (*see People v Porto*, 16 NY3d 93, 100-101).

Entered:  May 8, 2015                        Frances E. Cafarell
                                             Clerk of the Court