People v Bagley (2021 NY Slip Op 02964)





People v Bagley


2021 NY Slip Op 02964


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1131 KA 17-00112

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN K. BAGLEY, DEFENDANT-APPELLANT. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered January 6, 2017. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child, rape in the second degree, rape in the third degree, criminal sexual act in the third degree, endangering the welfare of a child, escape in the first degree, resisting arrest and unlawful fleeing a police officer in a motor vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of escape in the first degree under count six of the indictment and dismissing that count of the indictment and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96), rape in the second degree (§ 130.30 [1]), rape in the third degree (§ 130.25 [2]), criminal sexual act in the third degree (§ 130.40 [2]), endangering the welfare of a child (§ 260.10 [1]), and escape in the first degree (§ 205.15 [2]), defendant contends that the evidence is legally insufficient to support the conviction of escape in the first degree. We agree. Here, a police officer informed defendant that he was under arrest and attempted to pull him from the driver's seat of a vehicle, at which time defendant drove off, dragging officers across a parking lot. Under these circumstances, we conclude that defendant was not in custody at the time of the alleged escape (see § 205.15 [2]; People v Lee, 275 AD2d 995, 996 [4th Dept 2000], lv denied 95 NY2d 966 [2000]; People v Caffey, 134 AD2d 923, 923 [4th Dept 1987], lv denied 70 NY2d 930 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the remaining abovementioned crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and according deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we conclude that the verdict with respect to those crimes is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that County Court erred in refusing to suppress the DNA evidence because he was "a little bit" "woozy" while in the hospital and therefore unable to consent to the collection of a DNA sample. We reject that contention. The testimony at the suppression hearing established that defendant stood up from his hospital bed, conversed lucidly with the police, and then gave the officers directions en route to the police station. Upon arrival at the police station, defendant read and signed a DNA consent form. That testimony established that defendant voluntarily agreed to provide a sample for DNA testing (see People v Osborne, 88 AD3d 1284, 1285 [4th Dept 2011], lv denied 19 NY3d 999 [2012], reconsideration denied 19 NY3d 1104 [2012]; cf. People v Skardinski, 24 AD3d 1207, 1208 [4th Dept 2005]).
Defendant failed to preserve for our review his contention that he was deprived of a fair [*2]trial by prosecutorial misconduct inasmuch as he failed to object to any of the alleged improprieties during summation (see People v Larregui, 164 AD3d 1622, 1624 [4th Dept 2018], lv denied 32 NY3d 1126 [2018]). In any event, "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Pendergraph, 150 AD3d 1703, 1704 [4th Dept 2017], lv denied 29 NY3d 1132 [2017] [internal quotation marks omitted]; see Larregui, 164 AD3d at 1624-1625). We reject defendant's further contention that he was denied effective assistance of counsel. With respect to most of the instances of alleged ineffective assistance, defendant failed to meet his burden of demonstrating the " 'absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Norman, 183 AD3d 1240, 1242 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]). Defense counsel's representation was not ineffective with respect to the remaining instances, which are based on defense counsel's failure to raise certain objections (see People v Ashkar, 130 AD3d 1568, 1569 [4th Dept 2015], lv denied 26 NY3d 1142 [2016]; People v Lyon, 77 AD3d 1338, 1339 [4th Dept 2010], lv denied 15 NY3d 954 [2010]). Rather, upon viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant also contends that he was denied due process because he did not have the opportunity to address allegations made by the prosecutor during sentencing concerning uncharged instances of child sexual abuse. We reject that contention inasmuch as the record reflects that the court did not consider those allegations, and thus defendant could not have been prejudiced by their introduction at sentencing (see People v Rogers, 156 AD3d 1350, 1350 [4th Dept 2017], lv denied 31 NY3d 986 [2018]; People v Gibbons, 101 AD3d 1615, 1616 [4th Dept 2012]). Furthermore, the sentence is not unduly harsh or severe.
We have considered defendant's remaining contentions and conclude that they do not require reversal or further modification of the judgment.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court