People v Smyre (2021 NY Slip Op 03755)





People v Smyre


2021 NY Slip Op 03755


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


595 KA 19-01169

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL SMYRE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered January 18, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree and burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]) and burglary in the first degree (§ 140.30 [1]). We reject defendant's contention that Supreme Court erred in refusing to admit in evidence a statement of a codefendant as a declaration against penal interest. The portions of the codefendant's statement regarding defendant's involvement in the crime were not against the codefendant's penal interest (see People v Ennis, 11 NY3d 403, 412-413 [2008], cert denied 556 US 1240 [2009]; People v Arias, 243 AD2d 309, 309 [1st Dept 1997], lv denied 91 NY2d 1004 [1998]; see generally People v Brensic, 70 NY2d 9, 16 [1987]). Moreover, there was no showing that the codefendant's statement is reliable (see Ennis, 11 NY3d at 413; People v Roberts, 288 AD2d 403, 403-404 [2d Dept 2001], lv denied 97 NY2d 760 [2002]; see generally People v Shabazz, 22 NY3d 896, 898 [2013]). Inasmuch as "the statement was properly excluded as inadmissible hearsay, the defendant's contention that his constitutional right to present a defense was violated is without merit" (People v Simmons, 84 AD3d 1120, 1121 [2d Dept 2011], lv denied 18 NY3d 928 [2012]; see generally People v Jones, 129 AD3d 477, 477-478 [1st Dept 2015], lv denied 26 NY3d 931 [2015]).
We reject defendant's further contention that the court erred in denying his Batson challenge with respect to two prospective jurors. The People gave race-neutral reasons for the peremptory challenges, and defendant did not meet his ultimate burden of establishing that those reasons were pretextual (see People v Switts, 148 AD3d 1610, 1611 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]; People v Johnson, 38 AD3d 1327, 1328 [4th Dept 2007], lv denied 9 NY3d 866 [2007]). "[T]he court was in the best position to observe the demeanor of the prospective juror[s] and the prosecutor, and its [implicit] determination that the prosecutor's explanation[s were] race-neutral and not pretextual is entitled to great deference" (People v Dandridge, 26 AD3d 779, 780 [4th Dept 2006], lv denied 9 NY3d 1032 [2008] [internal quotation marks omitted]), and we see no reason to disturb that determination.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and affording great deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court