People v Tucker (2021 NY Slip Op 03952)





People v Tucker


2021 NY Slip Op 03952


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


387 KA 19-00346

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER TUCKER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 20, 2018. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law
§ 130.96), defendant contends that reversal is required because County Court erred in denying his request to include certain language from the bill of particulars in the jury instructions and that, based on the victim's testimony and the instructions that were ultimately given, the jury could have convicted him based on a theory that differed from the one set forth in the indictment as limited by the bill of particulars. We reject that contention.
It is well settled that, "[w]here the court's jury instruction on a particular count erroneously contains an additional theory that differs from the theory alleged in the indictment, as limited by the bill of particulars, and the evidence adduced at trial could have established either theory, reversal of the conviction on that count is required because there is a possibility that the jury could have convicted the defendant upon the uncharged theory" (People v Graves, 136 AD3d 1347, 1348 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]). Here, although the victim testified about incidents in addition to those mentioned in the bill of particulars, there was no "evidence from which the trial jury could have concluded that defendant accomplished his crime[]" under any theory other than the one alleged (People v Grega, 72 NY2d 489, 496 [1988]). Any discrepancy between the accusations and the testimony "does not amount to a material change in the theory of the prosecution but constitutes merely an alteration in . . . factual incident[s] that is still consistent with the theory presented in the bill of particulars" (People v Beard, 148 AD3d 1745, 1746 [4th Dept 2017], lv denied 29 NY3d 1076 [2017] [internal quotation marks omitted]; see also Grega, 72 NY2d at 495). Based on the testimony at trial and the instructions that were given, we conclude that "the jury's guilty verdict could only have been based on the evidence of [the crime] as charged in the indictment" as limited by the bill of particulars (Grega, 72 NY2d at 496). We further conclude that the indictment and bill of particulars provided defendant with "fair notice of the accusations made against him, so that he [was] able to prepare a defense" (People v Iannone, 45 NY2d 589, 594 [1978]; see Grega, 72 NY2d at 495; People v Dawson, 79 AD3d 1610, 1611 [4th Dept 2010], lv denied 16 NY3d 894 [2011]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim's testimony "was not so unworthy of belief as [*2]to be incredible as a matter of law . . . and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Rufus, 56 AD3d 1175, 1175 [4th Dept 2008], lv denied 11 NY3d 930 [2009] [internal quotation marks omitted]; cf. People v O'Neil, 66 AD3d 1131, 1133-1134 [3d Dept 2009]). Defense counsel raised the same contentions concerning the victim's credibility to the jury as defendant raises on appeal, and the jury rejected them. It is well settled that the jury's resolution of credibility issues is entitled to great deference (see generally People v Romero, 7 NY3d 633, 644-645 [2006]), and we perceive no reason to overturn the jury's credibility determinations here.
Defendant contends that he was deprived of a fair trial by several instances of prosecutorial misconduct that occurred during summation, including allegations that the prosecutor commented upon defendant's prearrest silence, vouched for the credibility of the witnesses, inflamed the jurors, and shifted the burden of proof. Defendant failed to preserve those contentions for our review because he failed to object to most of the alleged improprieties at trial (see CPL 470.05 [2]; People v Atkinson, 185 AD3d 1447, 1448 [4th Dept 2020], lv denied 35 NY3d 1111 [2020]; People v Benton, 106 AD3d 1451, 1451 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]), and the two objections that he interposed were "on different grounds from those raised on appeal" (People v Moses, 305 AD2d 184, 184 [1st Dept 2003], lv denied 100 NY2d 585 [2003]; see generally People v Romero, 7 NY3d 911, 912 [2006]). In any event, defendant's contentions regarding prosecutorial misconduct are without merit. We reject defendant's contention that certain of the prosecutor's comments shifted the burden of proof; rather, those comments were fair responses to defendant's repeated arguments in summation that the victim was lying (see People v Johnson, 183 AD3d 77, 90 [3d Dept 2020], lv denied 35 NY3d 993 [2020]; see also People v Bailey, 181 AD3d 1172, 1175 [4th Dept 2020], lv denied 35 NY3d 1025 [2020]; People v Coleman, 32 AD3d 1239, 1240 [4th Dept 2006], lv denied 8 NY3d 844 [2007]). Similarly, even assuming, arguendo, that the prosecutor made any arguments during summation that constituted a comment on defendant's prearrest silence (cf. People v Clark, 37 AD3d 487, 489 [2d Dept 2007], lv denied 9 NY3d 841 [2007]), the rule prohibiting a prosecutor from commenting on a defendant's silence in summation "does not apply where, as here, a defendant speaks to the police and omits exculpatory information which he [or she] presents for the first time at trial" (People v Salsbery, 78 AD3d 1624, 1626 [4th Dept 2010], lv denied 16 NY3d 836 [2011] [internal quotation marks omitted]). The remaining instances of alleged impropriety on the part of the prosecutor "were either fair comment on the evidence . . . or appropriate response to arguments made in defendant's summation" (People v Speaks, 28 NY3d 990, 992 [2016]). Furthermore, even assuming, arguendo, that any of the prosecutor's comments were improper, viewing the prosecutor's "summation as a whole, those comments 'were not so pervasive or egregious as to deprive defendant of a fair trial' " (People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020]; see People v Milczakowskyj, 73 AD3d 1453, 1454 [4th Dept 2010], lv denied 15 NY3d 754 [2010]). Inasmuch as defendant was not deprived of a fair trial by any alleged improprieties on the part of the prosecutor, we conclude that defense counsel's failure to preserve his contentions regarding prosecutorial misconduct did not deprive him of effective assistance of counsel (see People v Bagley, — AD3d &mdash, &mdash, 2021 NY Slip Op 02964, *1 [4th Dept 2021]; People v Brooks, 183 AD3d 1231, 1232 [4th Dept 2020], lv denied 35 NY3d 1043 [2020]; People v Koonce, 111 AD3d 1277, 1278-1279 [4th Dept 2013]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court