People v Palmer (2022 NY Slip Op 02913)

People v Palmer

2022 NY Slip Op 02913

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

287 KA 19-00869

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CUANSHAREE PALMER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ADAM AMIRAULT OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 27, 2018. The judgment convicted defendant upon a jury verdict of manslaughter in the second degree, vehicular manslaughter in the second degree (two counts), aggravated driving while intoxicated (four counts) and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of one count of manslaughter in the second degree (Penal Law § 125.15 [1]), two counts of vehicular manslaughter in the second degree (§ 125.12 [1]), four counts of aggravated driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2-a] [b]; 1193 [1] [c] [i] [B]), and two counts of endangering the welfare of a child (Penal Law § 260.10 [1]). We affirm.
Defendant contends that Supreme Court erred in rejecting her Batson challenge after the People's exercise of a peremptory challenge with respect to one prospective juror because the prosecutor's facially race-neutral reasons for striking that juror were pretextual. A "trial court's determination whether a proffered race-neutral reason is pretextual is accorded 'great deference' on appeal" (People v Hecker, 15 NY3d 625, 656 [2010], cert denied 563 US 947 [2011]), and we see no reason to disturb that determination (see People v Smyre, 195 AD3d 1458, 1459 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]; People v Johnson, 195 AD3d 1510, 1511-1512 [4th Dept 2021]; People v Escobar, 181 AD3d 1194, 1196 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]).
Defendant next contends that the court erred in refusing to suppress her statements to the police and the blood test results because she was in police custody and subject to interrogation without Miranda warnings, and her consent to the blood test was involuntary. We reject that contention. "In determining whether a defendant was in custody for Miranda purposes, '[t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position' " (People v Kelley, 91 AD3d 1318, 1318 [4th Dept 2012], lv denied 19 NY3d 963 [2012], quoting People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; see People v Thomas, 166 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1178 [2019]). Here, upon review of the relevant factors (see People v Lunderman, 19 AD3d 1067, 1068-1069 [4th Dept 2005], lv denied 5 NY3d 830 [2005]) and giving due deference to the hearing court's credibility determinations (see People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]), we conclude that "the evidence at the [suppression] hearing establishes that defendant was not in custody when [she] made the statements, and thus Miranda warnings were not required" (People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]; see People v Rounds, 124 AD3d 1351, 1352 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]). Specifically, defendant was not in custody at the accident scene when she was placed in the back [*2]seat of a patrol car, without handcuffs, and where the brief police questioning was investigatory, not accusatory (see People v Defio, 200 AD3d 1672, 1673 [4th Dept 2021], lv denied — NY3d — [Mar. 17, 2022]; People v Chess, 162 AD3d 1577, 1580-1581 [4th Dept 2018]). Defendant agreed to accompany the officer to the police station (see Bell-Scott, 162 AD3d at 1559), and the evidence at the suppression hearing supports the court's determination that defendant's consent to submit to the blood test was voluntary (see Defio, 200 AD3d at 1673; People v O'Hanlon, 5 AD3d 1012, 1012 [4th Dept 2004], lv denied 3 NY3d 645 [2004]). After having her blood drawn, defendant expressed her willingness to return to the police station, and the record supports the court's determination that she was not in custody when she gave her written statement, without police interrogation (see People v Cordato, 85 AD3d 1304, 1309-1310 [3d Dept 2011], lv denied 17 NY3d 815 [2011]).
Defendant also contends that she was denied a fair trial by prosecutorial misconduct during summation. Defendant's contention is largely unpreserved for our review (see People v Coggins, 198 AD3d 1297, 1301 [4th Dept 2021]; People v Tucker, 195 AD3d 1547, 1548 [4th Dept 2021], lv denied 37 NY3d 1030 [2021]). In any event, most of the allegedly improper comments were fair response to the comments made by the defense or fair comment on the evidence (see Coggins, 198 AD3d at 1301; Tucker, 195 AD3d at 1549). To the extent the prosecutor's comments exceeded those bounds, we conclude that they "were not so egregious as to deprive defendant of a fair trial" (People v Ali, 89 AD3d 1412, 1414 [4th Dept 2011], lv denied 18 NY3d 881 [2012] [internal quotation marks omitted]; see People v Blackshell, 178 AD3d 1355, 1356 [4th Dept 2019], lv denied 35 NY3d 968 [2020]).
We reject defendant's contention that she was denied effective assistance of counsel. Inasmuch as defendant was not deprived of a fair trial by any alleged improprieties on the part of the prosecutor, we conclude that defense counsel's failure to preserve her contentions regarding prosecutorial misconduct did not deprive her of effective assistance of counsel (see People v Bagley, 194 AD3d 1475, 1477 [4th Dept 2021], lv denied 37 NY3d 990 [2021]; People v Brooks, 183 AD3d 1231, 1232 [4th Dept 2020], lv denied 35 NY3d 1043 [2020]). In addition, defendant was not denied effective assistance of counsel by defense counsel's failure to move to reopen the suppression hearing (see People v Sanchez, 196 AD3d 1010, 1013-1014 [3d Dept 2021], lv denied 37 NY3d 1029 [2021]; People v Blocker, 128 AD3d 1483, 1484 [4th Dept 2015], lv denied 26 NY3d 926 [2015]). Such a motion would have had "little or no chance of success" (People v Williams, 35 NY3d 24, 45 [2020]; see People v Caban, 5 NY3d 143, 152 [2005]). Although defense counsel demonstrated a misunderstanding of the law in asserting in his opening statement and motion for a trial order of dismissal that the People had the burden to prove that defendant voluntarily ingested alcohol (see generally People v Cruz, 48 NY2d 419, 426-428 [1979], appeal dismissed 446 US 901 [1980]), we conclude that the error did not prejudice defendant under the circumstances of this case (see generally People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Santana, 114 AD3d 557, 558 [1st Dept 2014], lv denied 23 NY3d 1067 [2014]). Viewing the evidence, the law, and the circumstances in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court