People v Lopez-Contreras (2022 NY Slip Op 05391)

People v Lopez-contreras

2022 NY Slip Op 05391

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

591 KA 17-00685

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EFRAIN G. LOPEZ-CONTRERAS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered February 14, 2017. The judgment convicted defendant, upon a plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1 defendant appeals from a judgment convicting him, upon his guilty plea, of assault in the second degree (Penal Law § 120.05 [4]). In appeal No. 2 he appeals from a separate judgment convicting him, also upon his guilty plea, of aggravated vehicular homicide (§ 125.14 [5]), manslaughter in the second degree (§ 125.15 [1]), and aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]). The convictions in both appeals stem from a fatal automobile collision involving defendant who was, at the time, driving under the influence of alcohol. As an initial matter, in both appeals we agree with defendant that his waiver of the right to appeal is invalid (see generally People v Hunter, 203 AD3d 1686, 1686 [4th Dept 2022], lv denied 38 NY3d 1033 [2022]) and thus does not foreclose our consideration of defendant's contentions regarding Supreme Court's refusal to suppress statements and evidence.
Contrary to defendant's contention in both appeals, however, he was not taken into custody when, after being found face-down and injured in a ditch and while awaiting the arrival of an ambulance, he was placed in the back of a patrol vehicle at the accident scene. We therefore conclude that the court properly refused to suppress the statements made by defendant at the accident scene and before he was read his Miranda rights because those statements were not the result of custodial interrogation and thus Miranda warnings were not required (see People v Palmer, 204 AD3d 1512, 1513-1514 [4th Dept 2022]). Further, no Miranda warnings were required during the questioning at the accident scene because those "statements were not the product of police interrogation inasmuch as the officer asked defendant only preliminary questions that were investigatory and not accusatory" (People v Defio, 200 AD3d 1672, 1673 [4th Dept 2021], lv denied 38 NY3d 949 [2022] [internal quotation marks omitted]; see People v Carbonaro, 134 AD3d 1543, 1547 [4th Dept 2015], lv denied 27 NY3d 994 [2016], reconsideration denied 27 NY3d 1149 [2016]; People v Palmiere, 124 AD2d 1016, 1016 [4th Dept 1986]). The record belies defendant's further contention that the court should have suppressed statements made at the accident scene because he did not understand the questions posed to him in English. Inasmuch as the court properly refused to suppress the statements made by defendant at the accident scene, we reject defendant's contention that the statements he made after waiving his Miranda rights and the results of a blood test conducted with defendant's consent should be suppressed as the fruit of an unlawful custodial interrogation (see generally Palmiere, 124 AD2d at 1016).
Contrary to defendant's further contention, the evidence at the suppression hearing supports the court's determination that defendant's consent to submit to the blood test was voluntary (see generally Palmer, 204 AD3d at 1514).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court