People v Washington (2026 NY Slip Op 01899)

People v Washington

2026 NY Slip Op 01899

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, GREENWOOD, DELCONTE, AND
HANNAH, JJ.

880 KA 19-02184

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vJOE WASHINGTON, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (MORGAN NAMIAN OF COUNSEL),
FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D.
BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (John H. Crandall, A.J.),
rendered September 30, 2019. The judgment convicted defendant, upon a jury verdict, of
manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury
verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant's conviction stems from an argument between
defendant and the victim, which led to defendant fatally stabbing the victim. Defendant
admitted that he stabbed the victim but argued during trial that he acted in self-
defense.
Viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9
NY3d 342, 349 [2007]), including the charge on the defense of justification, we
reject defendant's contention that the verdict is against the weight of the evidence with
respect to the justification defense (see generally People v Bleakley, 69 NY2d
490, 495 [1987]). Here, the jury could reasonably have found based on the testimony of
the People's witnesses that the victim was not using or attempting to use deadly physical
force when defendant stabbed him (see People v Schrader, 232 AD3d 1293, 1295 [4th Dept
2024], lv denied 43 NY3d 946 [2025]; People v Cruz, 175 AD3d 1060, 1060 [4th Dept 2019],
lv denied 34 NY3d 1016 [2019]; see generally People v Haynes, 133 AD3d 1238, 1239 [4th
Dept 2015], lv denied 27 NY3d 998 [2016]).
We reject defendant's contention that County Court erred in denying his pretrial
request for a copy of the victim's entire criminal record to use in support of a justification
defense (see generally People v
Wilson, 71 AD3d 799, 800 [2d Dept 2010], lv denied 15 NY3d 779
[2010]). It is well settled that a court may permit a defendant who asserts a justification
defense in a homicide trial to introduce evidence of specific acts of violence committed
by the victim, provided that the defendant establishes that they had knowledge of the acts
at the time of the homicide and that the acts are reasonably related to the crime of which
the defendant stands charged (see id.; see generally People v Miller, 39
NY2d 543, 548-553 [1976]; People v Santiago, 211 AD2d 734, 734 [2d Dept
1995], lv denied 85 NY2d 942 [1995]). Here, we conclude that, with respect to
the prior violent acts identified in defendant's request, he did not establish that the acts
were "reasonably related, in time and quality," to the homicide charge and thus failed to
show their relevancy to his justification defense (Santiago, 211 AD2d at 734; see People v Every, 146 AD3d
1157, 1163 [3d Dept 2017], affd 29 NY3d 1103 [2017]; People v Rivera, 206 AD3d
498, 499 [1st Dept 2022], lv denied 38 NY3d 1190 [2022]). Additionally,
defendant did not establish that he was aware at the time of the homicide of any other
prior violent acts reasonably related to that crime that made up the remainder of the
victim's criminal record and thus did not establish a nexus between any of those acts and
his justification defense [*2](see People v
Reynoso, 73 NY2d 816, 818 [1988]; Wilson, 71 AD3d at 800; People v
Grant, 221 AD2d 901, 901 [4th Dept 1995], lv denied 88 NY2d 879
[1996]).
To the extent that defendant contends that he was deprived of the right to present a
complete justification defense because the court denied his record request, we conclude
that defendant failed to preserve that contention for our review (see generally People v Ramsey,
59 AD3d 1046, 1048 [4th Dept 2009], lv denied 12 NY3d 858 [2009]). In
any event, defendant was permitted to testify at trial about the victim's short temper, about
the victim showing defendant various weapons, including knives, in his possession years
prior to the stabbing, and about defendant's awareness on the date of the incident that the
victim had committed prior violent acts against others. Thus, evidence of the violent
behavior of the victim and its effect on defendant's mental state was sufficiently before
the jury to enable it to adequately consider the issue of justification (see generally
id.; People v Adams, 272 AD2d 953, 953 [4th Dept 2000], lv denied
95 NY2d 831 [2000]).
We also reject defendant's alternative contention that he was denied effective
assistance of counsel based on defense counsel's failure to obtain the victim's criminal
record and related police reports. Defendant has "failed to demonstrate the absence of
strategic or other legitimate explanations for defense counsel's alleged shortcoming[ ]"
(People v Rojas-Aponte,
224 AD3d 1264, 1265 [4th Dept 2024] [internal quotation marks omitted]). Viewing
the evidence, the law, and the circumstances of this case in totality and as of the time of
the representation, we conclude on the record before us that defendant received
meaningful representation (see generally People v Baldi, 54 NY2d 137, 147
[1981]).
Defendant further contends that he was deprived of a fair trial by several instances of
prosecutorial misconduct that occurred during the opening statement and summation,
including allegations that the prosecutor vouched for the credibility of the witnesses,
denigrated the defense, and misrepresented the trial evidence to mislead the jury about the
facts and to garner sympathy for the victim. Defendant failed to preserve those
contentions for our review because he failed to object to most of the alleged improprieties
at trial (see CPL 470.05 [2]; People v Moorhead, 224 AD3d 1225, 1227 [4th Dept
2024], lv denied 41 NY3d 1003 [2024]; People v Tucker, 195 AD3d 1547, 1548 [4th Dept 2021],
lv denied 37 NY3d 1030 [2021]; People v Atkinson, 185 AD3d 1447, 1448 [4th Dept 2020],
lv denied 35 NY3d 1111 [2020]), and the objections that he interposed were "on
different grounds from those raised on appeal" (Tucker, 195 AD3d at 1548
[internal quotation marks omitted]). We decline to exercise our power to review
defendant's contentions as a matter of discretion in the interest of justice (see CPL
470.15 [6] [a]; People v
Gaiter, 224 AD3d 1384, 1385 [4th Dept 2024], lv denied 41 NY3d 1018
[2024], reconsideration denied 42 NY3d 970 [2024]).
Defendant's contention that the reasons that the prosecutor gave for striking a
prospective juror in response to his Batson challenge were pretextual is also
unpreserved inasmuch as defendant "failed to articulate . . . any reason why he believed
that the prosecutor's explanations were pretextual" (People v Massey, 173 AD3d 1801, 1802 [4th Dept 2019]
[internal quotation marks omitted]; see People v Jackson, 185 AD3d 1454, 1455 [4th Dept
2020], lv denied 35 NY3d 1113 [2020]). We decline to exercise our power to
review defendant's contention as a matter of discretion in the interest of justice (see
CPL 470.15 [6] [a]).
We reject defendant's contention that the sentence is unduly harsh and severe.
Finally, we have reviewed defendant's remaining contention and conclude that it does
not warrant reversal or modification of the judgment.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court